**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

MICHAEL E. MCKINZY, SR.,      )
     )
        Plaintiff,      )      Case No. 10-00275-CV-W-DGK
     )
    v.      )
     )
UNION PACIFIC RAILROAD      )
COMPANY,      )
     )
        Defendant.      )

**ORDER**

Pending before the Court is the Defendant's fully-briefed Motion for summary judgment. Docs. 12-14,[1] 16, 21. For the reasons discussed herein, the Defendant's Motion is GRANTED.

**Background**

On March 31, 2010, the Plaintiff filed suit against the Defendant, claiming race discrimination and retaliation pursuant to Title VII and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"). Doc. 5. He attached a related EEOC charge and right to sue letter. Doc. 5-1. The Plaintiff alleges that the Defendant "refus[ed] to hire me as a water plant worker and electrician because of my race, age and in retaliation for filing EEOC charges…" Doc. 5. The Defendant denies these allegations. Doc. 6. The following are the properly supported, uncontroverted material facts relevant to the Defendant's Motion. *See* Doc. 13 at 2-7.

---

[1] Initially, the Plaintiff filed a brief arguing that the Defendant had missed the deadline to file dispositive motions. The scheduling order called for dispositive motion by February 25, 2011—the date the Defendant filed its Motion. Doc. 11 at ¶ 8. This order was mailed to the Plaintiff. The confusion appears to come from the text of the docket entry on the Court's online filing system, which stated the date at February 15. However, the order itself always stated the correct date of February 25. Both parties are entitled to the benefit of the later date, but only the Defendant chose to file a potentially dispositive motion. The Court advised the Plaintiff of the March 21, 2011 deadline to respond. He missed this deadline by over a month, filing a Motion for leave to file out of time, which the Court granted. Docs. 15-17.

## A. Defendant's Statement of Uncontroverted Material Facts

In this lawsuit, McKinzy alleges claims of race discrimination, age discrimination and retaliation in connection with Union Pacific's failure to hire him. Specifically, McKinzy challenges Union Pacific's failure to hire him as a "water plant worker" and "electrician" from June 1, 2009 through March 26, 2010. McKinzy's charge of discrimination, however, alleges only discrimination and retaliation from June 1, 2009 through September 1, 2009. McKinzy has never alleged that any Union Pacific employee has ever made any race-related or age-related comments to him. McKinzy has never alleged that any Union Pacific employee has ever made any comments suggesting that his complaints of discrimination played any role in his failure to obtain a job with the Company. The only basis for McKinzy's race claim is the fact that he is African-American and that he did not get hired. The only basis for McKinzy's age claim is the fact that he is over 40 years of age and that he did not get hired. The only basis for McKinzy's retaliation claim is the fact that he complained of discrimination and that he did not get hired.

Union Pacific utilizes an online application process in which applicants apply to a pool of candidates to be considered for future, anticipated job openings. On-line applications contain "knockout" questions, called "PQ Qualifications," designed to filter out applications that lack the basic qualifications for the position. If an applicant answers a knockout question incorrectly, the program automatically rejects the application and the applicant is never reviewed by an employee. Applicants who sufficiently answer the yes/no knockout questions pass on to the next stage of consideration in which the applications are reviewed by a screener to determine whether the applicant should be rejected or invited (typically with a group of other applicants) to a "hiring session" for additional testing and potential in-person interviews. Applicants may also be rejected by the screener before the hiring session and in-person interview for various reasons

which may include: sporadic work history and long periods of unemployment, criminal history, insufficient work experience, or other reasons. An applicant is only invited to a hiring session and interview if: (1) he or she is not eliminated through pre-screening, and (2) a position becomes available. Pre-screeners do not know the applicant's race and do not have access to this information. Similarly, charges and complaints of discrimination are treated as confidential by the Company. Pre-screeners do not receive information about charges or complaints unless they are directly involved as a witness or an actor.

Although McKinzy has applied for numerous positions at Union Pacific, the only "water plant" or "electrician" position he applied for, from June 1, 2009 through March 26, 2010, was on July 8, 2009, Job #56586 as a Water Service Mechanic. Per the Defendant's materials, the status is "Application not used/job cancelled or partially cancelled," and the Comments are "No hires." McKinzy applied for twelve other positions during the relevant time period.[2] McKinzy's race, age, and prior charges and lawsuits against Union Pacific are not reflected on any application materials he submitted in connection with these positions. With the exception of two positions (Job #56654/56653, Apprentice Freight Car Repair, and Job #56617/56596, Waste Water Treatment Plant Operator), McKinzy's applications were rejected before any hiring sessions or interviews took place. For Apprentice Freight Car Repair (Job #56654/56653), McKinzy declined Union Pacific's offer to attend a hiring session and possibly interview for the position. For Waste Water Treatment Plant Operator (Job #56617/56596), McKinzy was invited to a hiring session, interviewed, and ultimately designated as an "alternate." Richard Peery was hired instead of McKinzy for that position because he had stronger work history and experience

---

[2] The specific details regarding these positions and the reasons for the Plaintiff's rejection are outlined in the Defendant's Suggestions in Support of pending Motion, which is incorporated by reference into the Court's statement of uncontroverted material facts. Doc. 13 at 4-5. It is not necessary to reproduce the table here, other than to note that the Defendant has asserted that the Plaintiff was prescreened out of contention for these positions for reasons unrelated to race, age or prior claims of discrimination against the Defendant.

than McKinzy. Peery had worked for the prior 13 years as a journeyman mechanic for a car dealership and was applying for a new position only because the dealership had closed. McKinzy, on the other hand, had a sporadic work history with six different employers during the same time period, with multiple periods of unemployment between jobs.

**B. Plaintiff's Statement of Uncontroverted Material Facts**

The Court finds that the above-stated facts are properly supported by the Defendant's references to the record and that the Plaintiff has failed to specifically controvert them. The Plaintiff's brief makes no reference to the Defendant's statement of facts, but rather asserts a number of facts related to his claims, applications and qualifications in affidavit form. The following material facts[3] are uncontroverted by the Defendant. *See* Doc. 16-1 at 1-5.

The Plaintiff is an African-American journeyman electrician residing in Missouri. He applied for employment as an electrician for the Defendant between September 9, 2009 and March 8, 2010. The Plaintiff was invited to interview for an open electrician position in 2009, but did not receive a conditional job offer. After being rejected by the Defendant, he filed EEOC charges of discrimination and retaliation in or around May and September 2009, respectively.

### Standard

A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In support of its factual assertions, the movant must cite to "particular parts of materials in the record…or...show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In opposing summary judgment, a party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

---

[3] The Court states a fact only once, regardless of how many times a party has asserted it.

*Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, the non-movant must "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (quotations omitted).

Absent direct evidence of discrimination, to state a prima facie case for failure-to-hire race discrimination, a plaintiff must show "(1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class." *Arraleh v. County of Ramsey,* 461 F.3d 967, 975 (8th Cir. 2006). Once established, the burden shifts to the defendant to show a "legitimate, nondiscriminatory reasons for its decision" by the preponderance of the evidence." *Id.* To rebut this, the plaintiff must show that the stated nondiscriminatory reason was a pretext. *Id.* This follows the burden shifting format set out by the Supreme Court in *McDonnell Douglas Corporation v. Green.* 411 U.S. 792, 802-04 (1973).

In order to succeed on an ADEA claim, "a plaintiff…must prove…that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Svcs., Inc.,* 129 S. Ct. 2343, 2352 (2009). The Supreme Court rejected shifting the burden to the defendant "even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* A prima facie case of retaliation consists of three elements: "(1) the employee engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Recio v. Creighton Univ.,* 521 F.3d 934, 939 (8th Cir. 2008). The retaliation statute specifically includes applicants. 42 U.S.C. § 2000e-3(a).

**Discussion**

**A.  The Plaintiff Cannot Establish a Prima Facie Case of Age Discrimination**

The uncontroverted material facts establish that, at least for every position other than the one for which the Plaintiff interviewed, the decision makers did not know his age.  Doc. 13 at 6, ¶ 19.  Accordingly, the Plaintiff cannot establish a prima facie case of age discrimination in connection with any of these positions.  Regarding the remaining position, the Defendant, through its agents, likely had some idea of the Plaintiff's age based on meeting with him. However, the uncontroverted material facts show that the Plaintiff was chosen as an alternate for this position, but the Defendant ultimately hired an applicant with more experience and a more consistent work history.  *Id.* at ¶¶ 22-25.  The Plaintiff has not controverted the Defendant's reasons, and therefore the Court finds that there is no genuine fact issue that would allow a "reasonable jury" to find in the Plaintiff's favor.  *Liberty Lobby,* 477 U.S. at 257.  Accordingly, the Defendant is entitled to summary judgment on all of the Plaintiff's ADEA claims.

**B.  The Plaintiff Cannot Establish a Prima Facie Case of Retaliation**

The record establishes that the Plaintiff engaged in protected action by filing a charge of discrimination against the Defendant on September 4, 2009 and at some point in May.  *See* Doc. 13 at 2, ¶ 3, Doc. 13-1; Doc. 16-1 at 3, ¶ 9.  The Defendant has established that the screeners did not have information regarding prior claims of discrimination and no such information was reflected in the Plaintiff's applications.  Doc. 13 at 4, 6, ¶¶ 16, 19.  Next, for each job for which he was not invited to interview, the Defendant has shown an uncontroverted reason for its decision that is unrelated to any prior claim of discrimination.  *Id.* at 4-6.  For Job 56654/56653, the Plaintiff was invited to interview but declined.  *Id.* at 6, ¶ 21.  No reasonable jury could find a causal connection between the Defendant's action and the Plaintiff's prior protected conduct, nor

does it appear that the Defendant took any adverse action related to this job. For the final job, the Plaintiff was selected as an alternate but ultimately passed over for a candidate with stronger experience and more consistent work history. This reason is undisputed and unrelated to protected action. *Id.* at 6-7. Coupling that fact with the fact that the Plaintiff was selected as an alternate, no reasonable jury could find a casual connection between the protected action and the adverse employment decision. The Plaintiff cannot show a prima facie case of retaliation for any job for which he applied, and the Defendant is therefore entitled to summary judgment on all retaliation claims.

**C. Assuming That the Plaintiff Can Establish a Prima Facie Case of Race Discrimination, the Defendant is Entitled to Summary Judgment As a Result of the *McDonnell Douglas* Framework**

The record establishes that the Plaintiff is a member of a protected class and did not receive jobs that he applied for. There is much dispute over whether he was "qualified" for these positions. Regarding the two positions for which he was invited to interview, the Plaintiff's claims can survive the first prong of the *McDonnell Douglas* framework. However, the Defendant has shown nondiscriminatory reasons and the Plaintiff has failed to present evidence of pretext. The *McDonnell Douglas* framework is not even applicable to the job the Plaintiff declined to interview for, because the Plaintiff withdrew from consideration. Regarding the position he interviewed for, the Defendant has shown race-neutral reasons for its actions and the Plaintiff has failed to show pretext. No reasonable jury could find race discrimination on either of these jobs.

The Defendant asserts that it failed to hire the Plaintiff for the remaining positions for a variety of reasons; job cancellation, failure to meet minimum qualifications, incorrect answers on screening questions, etc. For this reason, analysis of these claims does not lend itself to

consideration of whether the Plaintiff was "qualified" and whether the Defendant hired someone outside the protected group.[4]  The Court will therefore presume that the Plaintiff can show a prima facie case, and analyze these positions under *McDonnell Douglas*.  The Defendant has shown an undisputed race-neutral reason for each of its decisions, and the Plaintiff has failed to show pretext.  Accordingly, the Defendant is entitled to summary judgment on all race discrimination claims.[5]

### Conclusion

The Plaintiff cannot establish a prima facie case of retaliation or age discrimination. Assuming that he can show a prima facie case of race discrimination, the Defendant has shown legitimate, race-neutral reasons for its decisions and the Plaintiff has failed to show pretext.  The Defendant is entitled to summary judgment on all claims, and its Motion is therefore GRANTED.

**IT IS SO ORDERED**

Dated: August 1, 2011                                    _/s/ Greg Kays_____
                                                        GREG KAYS,
                                                        UNITED STATES DISTRICT JUDGE

---

[4] The Defendant repeatedly states that the Plaintiff cannot establish that it hired someone outside the protected class. Doc. 13 at 10.  Perhaps this is true; the Plaintiff certainly did not plead this element.  But this does not show that the Defendant is entitled to summary judgment, because, as the movant, *it* has the burden to establish undisputed material facts showing that it did *not* hire someone outside the Plaintiff's race and why this entitles it to judgment as a matter of law.

[5] To the extent that the Plaintiff is bringing section 1981 claims, to which he makes a fleeting reference, the same standards apply.  *See Kim v. Nash Finch Co.,* 123 F.3d 1046, 1063 (8th Cir. 1997) (describing Title VII and section 1981 as providing "parallel, substantially identical, legal theories of recovery in cases alleging intentional discrimination in employment on the basis of race").