IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. MCKINZY, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0275-CV-W-DGK |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING ATTORNEYS' FEES
## AND RESTRICTING FUTURE FILINGS

This case arises out of Plaintiff Michael McKinzy's allegation that Union Pacific Railroad ("Union Pacific") engaged in race discrimination, age discrimination, and retaliation in its hiring process. On August 1, 2011, the Court granted summary judgment for Defendant (Doc. 22). Pending before the Court is Defendant's Motion for Sanctions (Doc. 25) brought pursuant to Federal Rule of Civil Procedure 1 and 11. Defendant asserts that this is the fourth unsuccessful employment discrimination lawsuit Plaintiff has brought against them since 2007, and accordingly, Defendant seeks an order 1) granting attorneys' fees or sanctions against Mr. McKinzy; 2) prohibiting him from filing any future claims against Union Pacific unless he pays any monetary sanction awarded in full; and 3) issuing an order barring Mr. McKinzy from filing another action against Union Pacific without prior judicial approval from the Court.

On August 24, 2011, the Court ordered Plaintiff to respond to Defendant's Motion for Sanctions. Plaintiff has not entered a response to this motion. Thus, the Court will rule on Defendant's motion based upon the existing record. For the reasons discussed herein, Defendant's motion is granted.

## Standard

A litigant has "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Federal Rule of Civil Procedure 11 holds litigants to a reasonable standard for filing their claims in federal court:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Courts have the authority to control and manage matters pending before them in order to maintain justice, avoid delay, and improve efficiency. Fed. R. Civ. P. 1; *In re Tyler*, 839 F.2d at 1292. To do this, courts have inherent authority to take a variety of actions including assessment of attorneys' fees and the imposition of monetary or other sanctions including restricting judicial access. *Phillip*, 638 F.2d at 207; *Van Deelen v. City of Kansas City*, No. 04-989-CV-W-GAF, 2006 WL 2077640, *17 (W.D. Mo. July 24, 2006). In fact, several courts have imposed judicial

restrictions on serial or abusive litigants pursuant to Rule 1 and Rule 11. *See Vaughn v. Swatek*, 199 Fed. Appx. 580, *1 (8th Cir. 2006) (requiring plaintiff to obtain judicial approval before any additional filings in the District of Minnesota); *Van Deelen*, 2006 WL 2077640, at *17 (enjoining plaintiff from filing any future lawsuits against defendants and assessing attorney's fees). In addition, the Eighth Circuit has recognized that restriction of judicial access is an important remedy when a litigant has limited financial means and may not view monetary sanctions as a deterrent. *In re Tyler*, 839 F.2d at 1294 (8th Cir. 1988).

### A. Plaintiff must obtain leave of the Court before filing lawsuits alleging hiring discrimination against Union Pacific.

Plaintiff is an abusive serial litigant. In the past few years, he has filed four similar employment discrimination lawsuits against Union Pacific and over thirty employment discrimination lawsuits against other companies (Doc. 25, n.1). Defendant alleges that Plaintiff has been unsuccessful in all of these. Plaintiff has also been unsuccessful in his four lawsuits against Union Pacific; in each case, the court has entered summary judgment against him.

Since Plaintiff began his habitual filings, multiple defendants have sought sanctions against him. In the past year, in fact, several courts have awarded sanctions against Plaintiff for his abusive and harassing litigation. *See McKinzy v. Interstate Bakeries Corp.*, No. 08-2649-CM, 09-2081-CM, 2009 WL 2390243 (D. Kan. Aug. 4, 2009) (awarding $500 in discovery sanctions); *McKinzy v. Norfolk S. R.R.*, No. 08-2599-CM, 2009 WL 1904340 (D. Kan. July 1, 2009) (awarding $9,310.81 in sanctions); *McKinzy v. BNSF Ry. R.R.*, No. 08-CV-2365-CM, 2010 WL 1643628, at *4 (D. Kan. Apr. 20, 2010) (noting that case may be dismissed if Plaintiff failed to pay sanctions award); *McKinzy v. Missouri Gas Energy*, No. 09-1061-CV-W-DW (W.D. Mo. Jan. 4, 2011) (awarding attorneys' fees in the amount of $10,000).

Consideration of Plaintiff's frivolous filings is a waste of judicial resources. While placing restrictions on a litigant's right to file is a serious infringement upon the litigant's general right of free access to the court system, the Court finds it is justified here. Plaintiff has continuously filed frivolous and unfounded lawsuits against Union Pacific, and consideration of additional claims without leave of the Court would be a waste of the time and resources of Defendant and of the Court.

**B. Plaintiff must pay Defendant's reasonable attorneys' fees associated with defending against this lawsuit.**

Generally, litigants are responsible for payment of their own attorneys' fees. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). However, in a Title VII case, the court has the discretion to award attorneys' fees to a prevailing defendant if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 42 U.S.C. § 2000e-5(k); *Christiansburg*, 434 U.S. at 421-422 (1978).

The present lawsuit was frivolous and without foundation. For the past two decades, Plaintiff has continued to engage in similar, unfounded litigation incurring sanctions and attorneys' fees from numerous other courts. In fact, in February of 2011, this Court ordered Plaintiff to pay attorneys' fees in the amount of $22,566.90 for "abuse of the legal system . . . lack of success in litigating claims, and . . . failure to participate in a case he initiated." *McKinzy v. Kansas City Star*, No. 09-00407-CV-W-DGK, 2011 WL 648819, at *1 (W.D. Mo. Feb. 11, 2011).

In the instant case, this Court granted Plaintiff leave to proceed *in forma pauperis*, allowing him to litigate his frivolous claim at no cost to himself. Accordingly, the Court believes a grant of attorneys' fees is justified here. Defendant shall submit to the Court no later

than January 6, 2012 an accounting of time expended on this case and its reasonable hourly rate. Plaintiff will have until January 21, 2012 to respond to Defendant's accounting.

## Conclusion

For the reasons stated, Defendant's motion is GRANTED. Plaintiff is enjoined from filing civil complaints against Union Pacific alleging employment discrimination without first obtaining leave of the Court. Plaintiff is also ordered to pay Defendant's reasonable attorneys' fees incurred in responding to this lawsuit. Defendant shall submit an accounting of these costs for Court approval no later than January 6, 2012. Furthermore, the Court is considering restricting Plaintiff's access to file lawsuits in the Western District of Missouri. Plaintiff has thirty days to show cause why this Court should not further restrict his ability to file lawsuits in this Court.

**IT IS SO ORDERED.**

Date: <u>December 6, 2011</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT